Good morning, Your Honors, and may it please the Court, I'm going to try to save one minute for rebuttal, if possible. My name is Colley James. I'm an attorney at Morgan & Lewis, and as you know, we are pro bono counsel for Mr. Wolfstein. Mr. Wolfstein finds himself really in a situation that Franz Kafka could appreciate. He acted as the independent broker in a transaction involving the purchase and sale of these spare ribs. He stood to gain a $12,000 commission from that transaction. Instead, he is here today holding a $1.25 million default judgment that was entered against him. At issue here is his Rule 60B motion to set aside that verdict. And fortunately, there are a number of reasons, both the law and the record, compel that that judgment be set aside to allow him to have his day in court. Well, he has some problems in terms of he doesn't provide any justification to the district court for his delay in filing his 60B motion. And so why would it be an abuse of discretion for denying that is untimely? He talked about his divorce and his bankruptcies as a reason for his failure to respond to the complaint, but not as an excuse for filing of a 60B motion. Well, Your Honor, first, there is no predetermined time for filing the 60B motion. It only says it needs to be within a reasonable time for certain of the subsections that he has alleged here, proffered here. There's no timeline at all. In other ones, it sets an outside time limit of one year. He filed his within seven months. And as you noted, he did provide some explanation as a pro se litigant doing the best he could. He talked about his divorce. He said that he could not afford an attorney and he had to go out and educate himself as to the relevant law and merits. Do you think we can imply from this record that the judge didn't believe him, that he didn't know about the case? I believe that the judge did just simply... But it certainly seems that impliedly the judge didn't believe him because there's a whole questions about this email account. So, you know, you would check it occasionally or what, you know. And then suddenly he pops up at some point and some of the, you know, there's a whole thing about where they looked and then they published. And the email account apparently was one that he still used, but he only selectively... Do you think we can imply the judge didn't believe his explanation? I can't come up with any other explanation that the district court just simply didn't believe him. The district court found he had notice of the suit, so impliedly didn't believe him. That's true. Because didn't he say that he used it to send email, but he didn't actually read or he didn't read most of his emails or something like that? Well, yes. You know, this issue, the issue of the emails comes up in the prong that deals with the culpable conduct and the default. And that's an important, you know, it's an important part of this basis here. And he did provide an explanation. He said that he was afraid of viruses, so he didn't read emails that he didn't think were intended for him. He was generally aware of the dispute, but didn't feel that it blinded him, and therefore he didn't read it. Now, nothing about that suggests an intention to derail the judicial process. But if the district court didn't believe him, is that a finding we can set aside? Because the district court's looking at the people, listening to these explanations. And, yeah, he made it, but if you don't believe him and you think that the person's a liar, how do we override that? Well, first of all, he didn't specifically make the finding. It's my assumption that that's what was going on in his mind. Second of all, that took place in the context of a prior proceeding, not in the context of the 60E motion, which was rejected only on the basis of being untimely. So I don't think that whatever the district court said in that earlier proceeding is necessarily binding here. And in the submissions for this proceeding, he provided a reasonable explanation. And that reasonable explanation at least calls into question any intention to derail the judicial process, given the fact that, particularly with a pro se litigant, default judgments, especially one that shocks the conscience in the way that this one does, should be granted only very infrequently, and that the Rule 60B standards should be liberally applied. I believe this very much meets that standard, particularly with culpable conduct. Well, what can we tell in the record about how he wouldn't, that he'd get off of this, that he's only a broker? He provided multiple bases for meritorious defense, which is the second prong that's at issue here. First, he plainly states he was not a party to the contract at issue. That contract was between Lincoln and Milliam. He was merely the broker. That's a complete defense to the breach of contract claims, and the damages that were awarded stem from the breach of contract allegations. Second of all, and it's notable in that regard, that Lincoln has never produced a copy of the contract. It wasn't attached to the complaint. It wasn't attached to the ex parte motion. It wasn't attached to any of the underlying motion papers, nor was it made a part of the appellate record. Now, with respect to the fraud and the misrepresentation claims that are alleged, and that Lincoln refers to in his answering brief, in his declaration acting as pro se, Mr. Wolstein did say, I deny all the allegations. Now, it's important to note in that context that as of that time, Mr. Wolstein had been provided with very little information about the substance of those allegations. The allegations in the complaint, which he never was actually served with, were cursory at best. They conflated a link of VITAC with Mr. Wolstein when that really was not accurate, and they were put on information and belief. And as is particularly at issue as it relates to the service being void and therefore the judgment being void, Lincoln never submitted the required factual affidavit putting forth meat to the fraud allegations, and they were never fleshed out in any of the underlying papers regarding the default judgment. They simply referred back to the cursory allegations in the complaint. So it's somewhat unfair to accuse a pro se litigant of failing to provide enough specificity in response to fraud allegations, which in turn had never been fleshed out in the first place. And how do you prove the negative? We say you said this. He says he denies saying that. That should at least provide a meritorious defense to those second issues, particularly when filtered through the disfavored nature of the default judgment. So exactly what are you asking us to do? All we are asking, Your Honor, is for the judgment, the default judgment, to be set aside, for this to be remanded back to the district court so that this case can proceed in the way it should be. Allow Mr. Wolstein to have his day in court, present his defenses, and let the litigation go forward in that regard. And, Mr. James, isn't the prejudice that the other side alleged totally speculative? Not only is it speculative, but the prejudice that they describe in their complaint goes to the wrong time period. They bemoan the amount of time that has passed since the judgment was entered. However, that's not really the prejudice that we should be looking at here. This was a Rule 60B motion, and the prejudice standard goes towards to what should be reviewed by the district court when the Rule 60B motion was brought, which was in April of 2011, only six or seven months after the judgment was at issue. So it really was, was there any prejudice in that time period? And nothing has been presented. Lincoln's papers say nothing to that issue. They only talk about what has happened in the four years since. So how does the service issue play into all of this? Well, I think the service issue is important. First, the service was invalid. The law requires a specific factual affidavit to be submitted. It wasn't. That is undisputed. On that basis alone, the request by, the service by publication was invalid. And if it's invalid, all proceedings that flow from that are invalid, including the judgment. So we believe that no valid service has been applied. The emails that make up a big part of the issue here as to actual notice, it's important to note, they didn't contain the complaint or the summons. The first one, which is at the record on page 36, simply says, we would like to contact you regarding this matter. The second one... Wait, wait, wait. Is that a direct quote or is that a paraphrase? We would like to contact you regarding this matter. I think the direct is, we would like, we are trying to contact you about this action. Okay, not matter, action. Action. But importantly, it doesn't call him a defendant in the action. No, but it's not matter either, it's action. Action. Yes. And then the second one says, we are providing you with a courtesy copy for the ex-party hearing, and it attaches the ex-party hearing. Well, that implies that you're going to court. Well, you know, yes, yes, Your Honor, but again, that's filtered through his reasonable explanation that he didn't think it pertained to him, and he didn't read it. Now, that may not have been a wise decision, but it doesn't sound like, it is not definitively proof that he was intentionally trying to deride the judicial process or interfere with the judicial. Indeed, as soon as he learned about this, he raced into the court, and he has tried to get back into court every day since. Didn't the district court make a specific finding of fact that he had actual notice through this email exchange that we're talking about? But actual notice. Did the district court make that factual finding? I believe that they did, Your Honor, but I don't. When you have a factual finding like that that's tangled up in things like credibility, it becomes close to bulletproof. You know, you have to show that it's clearly erroneous, and that's one of the highest standards that there ever is when you're talking about a finding. I don't think that's true for a Rule 60p motion. You know, there are plenty of Rule 60b decisions where the judgment was set aside even where there's no contest as to actual notice or service. But where you do have a finding of fact that sheds light on the reason for the decision. Well, I think if there was actual notice, it could potentially have a bearing on whether the service by publication defects were excused. But that doesn't go towards whether there are other good bases for relief here. Because filtering it through the standard, was there an intention to derail the process? I think there is at least a colorable question based on his explanation in his declaration that he didn't read the emails. That at least evidences no intent to derail the judicial process. And then you go on with the fact that he does have meritorious defenses. And those are facts, as alleged, must be taken as true by the court. And finally, there is no prejudice. In this context, it is manifestly unfair to saddle him with a $1.25 million judgment simply because Lincoln now feels it would be more difficult to prove its claims than just be able to rest on its laurels with its default judgment. All right, thank you. We've taken you into overtime. Thank you. Good morning, Your Honor. Good morning. On behalf of the Pelley-Lincoln Provision. Do you concede the service was defective? With respect to the service by publication? Yes, by publication. There is an issue with an affidavit where there's a technical issue that was cured. And it becomes not an issue because of the fact that the court actually considered the issues of the merits of the case. In the subsequent briefs that were filed by both parties, they laid out the facts that support the causes of action and their defenses. So I'm not quite sure I'm understanding what you're saying. It sounds to me like you're conceding the service was defective. Does it make any difference? No, Your Honor. Is that what you're saying? I do not believe the service by publication was defective. I believe the affidavit was lacking some facts that it needed that was subsequently cured by the briefing submitted by the parties. Subsequently cured after the service? Yes. What's your authority for that you can subsequently cure? Do you have any cases that say that? Your Honor, the purpose of an affidavit. Do you have any cases that say that? Well, the cases that are relied upon by Mr. Wolstein for the purpose that a judgment is void because an affidavit. It's frustrating when you don't answer a question. Do you have any cases that stand for the proposition that you're arguing? I do not, Your Honor, but there is no case for the proposition that if there's a defective affidavit, that that in itself will void the judgment where there was actual notice of the action. It doesn't seem to make any sense to me if you have a requirement that's not met and then you have service that somehow after the service you can clean it up by briefs that were filed. In the Langley case, the California Supreme Court case, the court indicated in that case that a technical defect should not void a judgment, and there is a good reason for that. I'm not talking about a, well, should not void a judgment. So they're overlooking the fact there was bad service. Well, the technical defect, the whole purpose of an affidavit that includes the facts that support a cause of actions to ensure that the court makes sure that this is the right party, that that party is sued, and there's a cause of action against that party. There is no dispute here. There was a third-party complaint that was filed against Wolfstein. We do know that. There's no dispute about that. There was a briefing filed by both parties setting forth the facts that support the causes of action and the defenses, and the court considered those issues carefully in the briefing and at the hearing, and the court determined that Mr. Wolfstein lacked any defenses to the claims. And that was a factual finding that was made by the court. Well, now, he, the appellant's counsel here is saying that, you know, obviously the more serious of the parties, I guess, what has gone through bankruptcy or something, so you're not ever going to get any money from that person. And he clearly, I think by anyone's standard, that was the big fish. He's the little fish. So, and appellant's counsel is claiming he's just a broker, so all he would have ever gotten out of the whole thing are his, you know, his $10,000 commission or something like that. How would he ever be responsible for this full amount? Your Honor, it is not in the record that he was only a broker and that he only received $10,000. In fact, he was the only person that our client dealt with in this transaction that cost our client over a million dollars. And this was a significant meat commercial transaction that blew up as a result of misrepresentation by Mr. Wolfstein, none other than Mr. Wolfstein. So Mr. Wolfstein is the one liable, and for negligent misrepresentation and for fraud and contract. And I think the court considered those issues and determined and made a factual determination that there is no meritorious defense. Prejudice. We hear from the other side that there is no prejudice. Your answer to that is? The answer to that, Your Honor, is that it has been more than four years. And the evidence and witnesses with respect to the case is gone. Vitek, the company that Mr. Wolfstein used to work for, is gone. It's no longer around. The only person that is around is Mr. Wolfstein. And so we have no assurance that there's any documents, any witnesses that could testify, and so our opportunity to... But that's all speculative. Well, actually, there are plenty of cases that say when there's lapse of time, that in itself, there's presumption that there is going to be trouble finding evidence and witnesses to set forth in the trial. What's your best case? Especially here. What's your best case for the presumption argument that you just made, that the lapse of time can create a presumption? Well, here, especially the Vitek company, for which Mr. Wolfstein used to work for, has gone under. It's no longer around. Yeah, I know, but I'm looking for... I'd like to read a case that says that this creates a presumption. I do not have any case right in front of me. I could provide a supplemental briefing to that effect, that after four years of lapse of time, where the company has gone bankrupt and is no longer around... Well, you might be right, but you said there are plenty of cases, and I was just asking for your best case, and you don't have any. Well, and if this is your best argument, you would have your best case. I could provide a supplemental briefing to that effect. Well, that should have been... Your best case should either be in your brief. I mean, that's sort of appellate arguments 101. Put your best cases in your brief. I think it can be assumed that after four years of lapse of time, that there is going to be considerable difficulty in finding evidence and witnesses to testify in the trial, especially when the company for which Mr. Wolfstein was working for has closed down. What kind of evidence are you talking about that you might not be able to find? You mean your case depends on evidence and information from this company that disappeared? That's correct. Explain. So, for instance, we would need e-mails. We would need documents from Vitek. We would need witnesses from Vitek. Vitek is not to be found anywhere, and certainly documents from Vitek would not be found anywhere. How do you know that? That's just lawyer talk. There's no facts. What are the facts that support you can't get those documents? We have attempted to contact individuals at Vitek. Where's that in the record? No success. I think it's in the record that we have attempted to serve Vitek, that we have attempted to enforce judgment against Vitek, and Mr. Wolfstein has conceded that Vitek has closed down. Well, I understand that. Nobody's arguing that. But your argument that you can't get the records just because the company closed down, what's the evidence of that? Your Honor, respectfully, I believe when a company is closed down, I think the assumption is that you cannot compel that company to produce records because that company is no longer in existence. What about the time frame? Mr. James has suggested that you're arguing the wrong time frame. He argued that it was just that seven-month time frame. We disagree with that, Your Honor, because this right now... What's your best case for your argument about the time frame? Because what is before this court right now is whether the 60B motion should be considered by the district court or by this court. And so between that time period and now, there has been a four-year delay. And so that delay is real. It's not hypothetical. And that delay has resulted in prejudice in terms of losing records and witnesses. So at the end of the day, we're talking about Mr. Wolfstein, which the district court determined was culpable and, in fact, acted in bad faith for evading service. He is the person and the only person Lincoln dealt with in this meat transaction that cost our client over a million dollars in damages. And so should he be entitled to a second bite at the apple on the motion to set aside the default that the district court has already decided? We believe the answer is no because, as Your Honor recognized, the district court determined there was actual notice. There was attempt to... We believe that the district court did not believe Mr. Wolfstein when he said he did. Judge Rehl is not a shy man. So if he thought he was lying, I think a lot of people that know Judge Rehl would think that Judge Rehl would have said it. So what do you say to that? Well, Mr. Wolfstein actually admitted to receiving the emails and the attachments, so there's no dispute about that. Well, whether he read them or not, that would be the... So Judge Rehl would have had to... If he said there was actual notice, you're saying he would have impliedly had to have read them. So he didn't believe Mr. Wolfstein that he didn't read them, right? That's correct. And I think that's clear in the record, that the judge didn't believe him, that the judge... He didn't say, you lack credibility on this issue, but he said, I'm finding actual notice. So you're saying that's implicit? It would have had to... If he had believed Judge... If he had believed Mr. Wolfstein, he would not have ruled the way he ruled? Is that what you're saying? I think if you read the transcript, Judge Rehl actually says, Mr. Wolfstein acted in bad faith. And I think that's as clear as you can be in determining that he did not believe him. All right. I think your time's expired, unless my colleagues have further questions. Thank you. I didn't... We did take the appellant into overtime. Did either of you have any additional questions? No. All right. So, all right. Thank you both for your argument in this matter. It will stand submitted.
judges: Bennett, TROTT, CALLAHAN